UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ESTRADA-SANCHEZ, | ) Case No.: 1:10-cr-00455-AWI |
| Petitioner, | ) (1:12-cv-01313-AWI) |
| v. | ) ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) (Doc. 18) |

INTRODUCTION

Petitioner Raul Estrada ("Petitioner") has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  For reasons discussed below, the motion shall be DENIED.

FACTS AND PROCEDURAL BACKGROUND

Petitioner is a native of Mexico and is not a citizen of the United States of America. (Doc. 15.) In 1988, Petitioner was convicted of violating California Health and Safety Code § 11351 for possession of a narcotic controlled substance, and was sentenced to imprisonment for a term of 240 days (Santa Barbara County Superior Court Case No. 17330). (Doc. 20.)

On or about August 25, 1993, Petitioner was convicted of violating Cal. Health & Safety Code § 11351 (2011) for possession for sale of heroin, and was sentenced to imprisonment for a term of 36 months (Santa Barbara County Superior Court Case No. 198392). (Doc. 15.)

On or about May 10, 2009, Petitioner was removed from the United States. He was later found in California on or about August 9, 2010. *Id*. His re-entry was without permission, and the Government filed an indictment against him for illegal reentry after deportation under 8 U.S.C. § 1326. *Id*. On September 9, 2011, Petitioner and the Government entered into a plea agreement. On September 12, 2011, Petitioner was sentenced to 46 months in prison followed by a 36-month term of supervised release. (Doc. 19.)

On August 9, 2012, Petitioner filed this motion pursuant to 28 U.S.C § 2255, alleging ineffective assistance of counsel. (Doc. 20.) Specifically, Petitioner contends his 1988 and 1993 convictions were too old to have been considered in enhancing his section 1326 sentence, and counsel should have challenged the use of these convictions. *Id*.

The government has not filed an opposition.

### LEGAL STANDARD

" 'In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of his detention.' " *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003) (quoting *Lorentsen v. Hood*, 223 F.3d 950, 943 (9th Cir. 2000)). Under § 2255, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum imposed by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id*., § 2255(b).

"In determining whether a hearing and findings of fact and conclusions of law are required, '[t]he standard essentially is whether a movant has made specific factual allegations that, if true, state a claim on which relief could be granted.' Under this standard, a district court may summarily dismiss a § 2255 motion only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.' " *U.S. v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011) (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)) (internal citations omitted).

## DISCUSSION

**1. The Court's consideration of Petitioner's 1993 conviction was proper.**

Sentencing guideline ranges must be considered by the court in sentencing, but are advisory in nature. *United States v. Booker,* 543 U.S. 220, 245 (2005). The Federal Sentencing Guidelines in effect at the time of Petitioner's sentencing established a base offense level of 8 for unlawfully entering or staying in the United States. U.S.S.G. § 2L1.2(a) (2011). If a defendant was previously deported or remained unlawfully in the United States after "a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months," the base offense level was to be increased by sixteen levels. *Id*. § 2L1.2(b)(1)(A).

A felony is defined as "any federal, state, or local offense punishable by imprisonment for a term *exceeding one year.*" *Id*. § 2L1.2, cmt. n.2 (emphasis added). The sentencing guidelines define "drug trafficking offense" as "an offense under federal, state, or local law that prohibits ... the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." *Id*. § 2L1.2 cmt. n.1(B)(iv).

On or about August 25, 1993, Petitioner was convicted in California State court of possession for sale of heroin in violation of Health & Safety Code § 11351, and was sentenced to 36 months in prison. Petitioner's 1993 California conviction qualified as a felony and as a drug trafficking offense within the meaning of the sentencing guidelines. Accordingly, the Court imposed a 16-level enhancement, which brought Petitioner's offense level to 24. The Court then granted the Government's motion for a 4-level downward departure under U.S.S.G. § 5K3.1. With an additional 3-level reduction for acceptance of responsibility, Petitioner's total offense level was 17. The Court

then assigned Petitioner 12 criminal history points, which placed Petitioner in the guideline range of 46-57 months (criminal history category V). Finally, the Court sentenced Petitioner to 46-month imprisonment, the low end of the guideline range.

Petitioner now contends that it was error for the Court to have considered his 1993 conviction because it was too old. The 2011 sentencing guidelines specifically addressed this issue. Section 4A1.2(e) expressly included a 15-year time restriction on the use of prior convictions for computing criminal history points.[1] The guidelines authorized sentence enhancement if a defendant was incarcerated for a crime of drug trafficking "during any part of such 15-year period." §§ 4A1.2(e)(1), 2L1.2(b)(1)(A).

Here Petitioner's 1993 conviction resulted in a 3-year prison sentence. He was incarcerated from 1993 to 1996. The instant offense occurred on or about August 9, 2010. Petitioner *was* incarcerated during part of the 15 years immediately preceding the instant offense, and therefore, the Court's consideration of the 1993 conviction to enhance Petitioner's sentence was proper.

**2. It is unclear whether the Court used Petitioner's 1988 conviction to enhance his sentence, but even if the Court did, Petitioner was not prejudiced.**

Petitioner further contends his 1988 conviction was over 20 years old, and the Court should not have used it to enhance his sentence. Because Petitioner's current offense occurred in 2010, the argument goes, his 1988 conviction (for which he was sentenced to 240 days in prison) fell outside the 15-year time period prescribed by the sentencing guidelines. The Court did not mention the 1988 conviction at sentencing, and thus it is unclear whether Petitioner received additional criminal history points for his 1988 conviction. As the Court shall explain below, even if he did, Petitioner would still have remained in criminal history category V sentencing range, and therefore, he was not prejudiced.

---

[1] By contrast, § 2L1.2 placed no temporal limitation on using prior convictions to enhance a defendant's offense level. *United States v. Olmos-Esparza*, 484 F.3d 1111, 1113-14 (9th Cir. 2007) ("Neither the text nor the application notes of § 2L1.2 states that a conviction must have occurred within a particular time period for the enhancement to apply.") The Ninth Circuit noted that § 2L1.2 and § 4A1.2 serve different purposes, therefore, the time limitation of § 4A1.2 should not be imported into § 2L1.2. *Id*. at 1115.

**A. The 1988 conviction would not have affected Petitioner's offense level.**

Section 2L1.2(b)(1) of the 2011 guidelines stated:

> "*Apply the Greatest*: if the defendant previously was deported . . . after
> (A) a conviction for a felony that is a drug trafficking offense for which the sentence imposed exceeded 13 months . . . increase by 16 levels;
> (B) a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less, increase by 12 levels;" (emphasis added)

Petitioner received 240 days in prison for his 1988 conviction and 36 months for his 1993 conviction. Under § 2L1.2, Petitioner would have received a 12-level increase for his 1988 conviction and a 16-level increase for his 1993 conviction. Applying the greater of the two, the Court would still have imposed the 16-level enhancement pursuant to the 1993 conviction. Therefore, the 1988 conviction would not have affected Petitioner's offense level.

**B. Regardless of whether the Court added additional criminal history points for the 1988 conviction, Petitioner was not prejudiced.**

Under the 2011 guidelines, a defendant received 2 points for each prior sentence of imprisonment of at least sixty days but not exceeding one year and one month. §§ 4A1.1(a); 4A1.1(b). Again, Petitioner was sentenced to 240 days in prison for his 1988 conviction. He would have received 2 criminal history points had the Court considered the 1988 conviction. As mentioned in the previous section, the Court concluded that Petitioner received 12 criminal history points. Petitioner would still have received 10 points had the Court not added 2 points for his 1988 conviction. Ten criminal history points would still have placed Petitioner in category V, with the guideline range of 46-57 months. Because the Court sentenced Petitioner at the low end of this range, Petitioner would not be able to claim any additional sentence reduction.

Therefore, even if the Court considered Petitioner's 1988 conviction in determining a sentence enhancement, Petitioner was not prejudiced.

**3. There was no ineffective assistance of counsel.**

The Sixth Amendment guarantees the right to effective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 686 (1984). To challenge a result based on ineffective assistance of counsel, a defendant must prove that (1) counsel's performance fell below an objective standard of

reasonableness, and (2) counsel's deficient performance prejudiced the defendant and resulted in an unreliable or fundamentally unfair outcome of the proceeding. *Id.* at 687-88. Review of counsel's performance is highly deferential, and there is a strong presumption that counsel's conduct was within the wide range of reasonable representation. *Id.* at 689. In this case, Petitioner can establish neither part of the *Strickland test*. As discussed above, Petitioner was not prejudiced in the sentencing proceeding. It would have been fruitless for defense counsel to argue that the Court erred in considering Petitioner's 1988 and 1993 convictions in determining sentence enhancement. Therefore, Petitioner's allegation of ineffective assistance of counsel is without merit.

## ORDER

For the reasons discussed above, Petitioner's motion is DENIED.

IT IS SO ORDERED.

Dated: June 20, 2013

SENIOR DISTRICT JUDGE